Henry H. WALKER, Appellant,

v.

A. James GOLDENTHAL, Appellee.

No. 2567.

Municipal Court of Appeals for the District of Columbia.

Argued May 16, 1960.

Decided July 6, 1960.

Francis X. Quinn, Washington, D. C., for appellant.

A. James Goldenthal, pro se.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case arose out of an automobile collision and presented issues of negligence and contributory negligence.

According to the statement of proceedings and evidence, plaintiff-appellee testified that he was traveling in the second lane north on Rock Creek Parkway and that he stopped at the P Street intersection preparatory to making a left turn. He estimated that he had clear visibility of 200 feet. Seeing no approaching traffic, he proceeded to turn into P Street, at which time his vehicle was hit in the right rear by defendant-appellant's vehicle.

Appellant testified that he was proceeding south on the Parkway in the right-hand lane when he saw appellee's vehicle approaching the P Street intersection. He was 40 to 60 feet away when he observed appellee's vehicle stopped and waiting to turn left. After noticing this, appellant glanced to his right to see if any traffic was entering the Parkway from P Street to travel south, and in that split second, appellee started up and turned directly in front of him. Appellant attempted to stop but could not avoid striking the right rear fender of appellee's vehicle.

At the conclusion of the evidence, the court found that appellant's negligence was the sole cause of the collision. The court specifically stated that there was no speed involved as to appellant and based its finding solely upon appellant's statement that he looked to the right after observing appellee and thus had failed to keep a proper lookout. This finding was erroneous. In deciding the issues of negligence and contributory negligence, all the evidence should be considered. If appellant had driven into

the intersection blindly, he would have been guilty of negligence, for he would have demonstrated an utter disregard for his own safety as well as the safety of others. On the contrary, before proceeding into the intersection, he glanced to his right, in the interest of caution, to check approaching traffic.

Our decision does not imply that either party will necessarily prevail at trial. We hold only that on the basis of the record before us, it was error to find appellant guilty of negligence on this sole facet of the evidence.

Reversed with instructions to grant a new trial.